FILED
5:17 pm, Jul 01, 2020
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| EDDIE M. GREEN JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.4:20-cv-00052-TWP-DML |
| ) | |
| ARA YAVRUYAN, Owner for Chain Vault, Inc., ) | |
| and CHAIN VAULT, INC., ) | |
| ) | |
| Defendants. ) | |

PLAINTIFF'S EVIDENCE IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

Plaintiff respectfully submits the original document from the defendant's attorney as evidence in support of his motion for summary judgment. Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the court views the evidence and all reasonable inferences there from in the light most favorable to the nonmoving party. Burke v. Utah Transit Auth. & Local 382, 462 F.3d 1253, 1258 (10th Cir. 2006). An issue of fact is "genuine" if "the evidence allows a reasonable jury to resolve the issue either way." Haynes v. Level 3 Communications, LLC, 456 F.3d 1215, 1219 (10th Cir. 2006).

Rule 36. **Request for Admission**

Primary tabs
(a) SCOPE AND PROCEDURE.
(1) *Scope.* A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
(A) facts, the application of law to fact, or opinions about either; and
(B) the genuineness of any described documents.
(2) *Form; Copy of a Document.* Each matter must be separately stated. A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying.

Authenticating evidence

The "authentication" of a written instrument is such official attestation as will render it legally admissible in evidence. "Authentication of any document is that which is certified concerning it by the proper certifying officer.
Rule 902. Self-authentication Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following: paragraph 8 and 9.
(8) Acknowledged documents. Documents accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public or other officer authorized by law to take acknowledgments.
(9) Commercial paper and related documents. Commercial paper, signatures thereon, and documents relating thereto to the extent provided by general commercial law.

Authenticating evidence, such as a document, is important to show that the document being admitted into evidence is what it purports to be. *See* Fla. Stat. s. 90.901 ("Authentication…of evidence is required as a condition precedent to its admissibility. The requirements…satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.") Thus, it's a reliable document so it can be admitted into evidence.

The case of *Sunbelt Health Center v. Galva*, 7 So.3d 556 (Fla. 1st DCA 2009) is a good example of this scenario and what is known as the "reply letter doctrine." This case dealt with a workers compensation issue and, specifically, the selection of an orthopedist. The lawyer for the injured claimant's employer and workers compensation insurer wrote a letter to the claimant's lawyer about the claimant's one-time change in her orthopedist and wrote letters confirming the name of the new orthopedist. In one of the letters, the lawyer for the employer and insurer asked the claimant's lawyer whether the new doctor was the claimant's one-time change in orthopedist and received a reply fax of the letter with the handwritten notation "Macksound is alt. ortho. Thanks." The judge excluded the handwritten note that was purportedly signed by the claimant's lawyer because there was no testimony authenticating the handwriting.
In finding that the handwritten signature should have been admissible, the appellate court discussed the "reply letter" doctrine:
*The requirements of the evidence code are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. The use of* **circumstantial evidence** *to authenticate is permissible.* **Authentication occurs in a situation where the offered item, considered in light of the circumstances, logically indicates the personal connection sought to be proved. Pursuant to the "reply letter" doctrine, a letter can be authenticated upon a showing that it was "apparently in reply" to an earlier letter sent to the purported author of the reply letter.** *Once a prima facie case of authenticity has been established, the document is authenticated, and the Trier of fact must resolve any disputes regarding the genuineness of the exhibit.*

Pg.2

**"Best Evidence" Rule**

In a civil lawsuit, if a document is offered into evidence as proof of its contents (one party is trying to prove that the signature on contract is in fact the defendant's, for example) the original document has to be introduced as an exhibit. If a copy or some other reproduction is offered instead of the original, the "best evidence" rule requires that the absence of the original be adequately explained. Only if the judge accepts the reasons for the absence of the original can this "secondary evidence" (a copy, in other words) be admitted into evidence.

Respectfully Submitted, 06/23/2020
Eddie M. Green Jr.
1415 East 8th St. Jeffersonville IN 47130
Email:smartsafetechnology@gmail.com
Cell phone (812) 557-6428

Pg.3