06/23/2020

**Name:** Eddie M. Green Jr.

**Case Number:** 4:20-cv-00052

To the United States District Court for the Southern District of Indiana
New Albany Division this particular exhibit will show that the defendant did receive the summons dated 3/2/2020 and his attorney J. Christopher Jaczko acknowledges court documents of said summons to his client Ara Yavruyan and Chain Vault Inc.

### OFFER OF PROOF – EXHIBIT

**Exhibit # A** _____ United States postal letter dated 11 March 2020 from the law firm of Procopio 12544 High Bluff Drive, Suite 400 San Diego, CA 92130
J. Christopher Jaczko who says he represents Ara Yavruyan and Chain Vault Inc. in the patent infringement case which acknowledges receipt of summons.

I think this is important to my case because according to the docket information 4:20-cv-00052 on line there has not been a response to the summons.

Respectfully Submitted, 06/23/2020
Eddie M. Green Jr.
1415 East 8th St. Jeffersonville IN 47130
Email:smartsafetytechnology@gmail.com
Cell phone (812) 557-6428

**Procopio**®

12544 High Bluff Drive, Suite 400
San Diego, CA 92130

47130-446215

SAN DIEGO
CA 920
11 MAR '20
PM 2 L

NEOPOST
US POSTAGE $000.50⁰

ZIP 92130
041L11256699

Eddie M. Green, Jr.
1415 East 8th Street
Jeffersonville, IN 47130

COPY



PROCOPIO
12544 High Bluff Drive
Suite 400
San Diego, CA 92130
T. 858.720.6300
F. 619.235.0398

J. CHRISTOPHER JACZKO
P. 619.906.5748
chris.jaczko@procopio.com

AUSTIN
DEL MAR HEIGHTS
LAS VEGAS
PHOENIX
SAN DIEGO
SILICON VALLEY

March 11, 2020

Eddie M. Green, Jr.
1415 East 8th Street
Jeffersonville, IN 47130

**RE:**   *Eddie M. Green, Jr. v. Ara Yavruyan and Chain Vault Inc.*
*United States District Court, SD Indiana Case No. 4:20-cv-00052-TWP-DML*

Dear Mr. Green:

We represent Ara Yavruyan and Chain Vault, Inc. (collectively, "Chain Vault"). We write in response to your letter dated February 28, 2020 to Chain Vault, which included a courtesy copy of your complaint in the above-referenced litigation.

Please be advised that as discussed below our client does not infringe on any valid claim of United States Patent No. 9,940,796 (the "'796 Patent"). Equally important, however, at this point is that should you attempt to proceed with the above-referenced litigation, Chain Vault will vigorously defend itself. This includes, among other things, seeking to have the complaint dismissed for your failure to comply with the well-settled standards governing pleading a claim of patent infringement and for filing the action in an improper venue. Specifically, under controlling principles of federal law, the Southern District of Indiana is not a venue where our client can be sued for patent infringement.

As to your claim of infringement, although your complaint does not provide any factual basis upon which you base your assertion that Chain Vault infringes the claims of the '796 Patent, our review of the patent leads to the inescapable conclusion that Chain Vault's Intelicone product does not infringe the patent in any way. In order for a patent claim to be infringed, each and every limitation of the claim must be found in the allegedly infringing product. At least the highlighted limitations of claim 1 indicated below are not included in Chain Vault's Intelicone products and therefore cannot infringe the claims of the '796 Patent.

    1. A wet floor safety sign device especially made for the blind and the hearing impaired comprising of at least two rigid panels, an automatic on/off switch disposed at a location where at least two of the said at least two rigid panels meet for automatically activating

**procopio.com**

COPY



the wet floor safety sign when set out on a floor, a power supply *solar charged battery pack*, a motion sensor, at least one rotating camera disposed in one of said at least two rigid panels for transmitting visual images to a video recorder, an audible attention getting voice box device, *a moisture sensor*, multiple flashing warning lights running vertically along an entire length of two side edges of said at least two rigid panels, a mother board or microprocessor, and *a keypad*.

We are also aware that on March 9 the Court denied your motion for leave to proceed in forma pauperis and has ordered that "[n]o further action will be taken on this patent infringement matter until the filing fee has been paid" by you. [Dkt. No. 6] Given all these circumstances, we urge you to contact a lawyer to discuss the advisability of proceeding any further with your claim against Chain Vault, especially given the possibility under the law that you could ultimately be responsible for reimbursing Chain Vault for any attorney's fees and costs it incurs in the matter.

The foregoing is without any admission of any liability or prejudice to our client's rights and defenses, all of which are expressly reserved.

Sincerely,
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

J. Christopher Jaczko

procopio.com

DOCS 3994097.1

CoPy