UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| EDDIE M. GREEN, JR., *pro se*,<br><br>　　　　　Plaintiff,<br>　v.<br><br>ARA YAVRUYAN, and<br><br>CHAIN VAULT INC.,<br><br>　　　　　Defendants. | Case No. 4:20-cv-00052-TWP-DML |

**DEFENDANTS' NOTICE OF SPECIAL APPEARANCE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b) FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENT SERVICE OF PROCESS, AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

　　　　Defendants Mr. Ara Yavruyan ("Yavruyan") and Chain Vault Inc. ("CVI") (collectively, "Defendants") hereby specially appear and move this Court for an order dismissing Plaintiff Mr. Eddie M. Green, Jr.'s ("Plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), (3), (5) and (6). As more fully explained in the Memorandum filed contemporaneously with this Motion:

　　　　(a) this judicial district is not proper venue for Defendants to be sued for patent infringement;

　　　　(b) this Court lacks personal jurisdiction over Defendants;

　　　　(c) Plaintiff has failed to properly effectuate service of process on Defendants; and

　　　　(d) Plaintiff's complaint fails to state a claim upon which relief can be granted.

*See* Fed. R. Civ. P. 12(b)(2), (3), (5) & (6).

　　　　In further support of this Motion, Defendants state:

1

1. Plaintiff's complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) because venue is improper in this judicial district under 28 U.S.C. § 1400(b), because, *inter alia*, Defendants do not reside in this district and defendants do not have a regular and established place of business in this district.

2. Plaintiff's complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2), because, *inter alia*, this Court lacks both general and specific personal jurisdiction over the Defendants.

3. Plaintiff's complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5), because, *inter alia*, Plaintiff has failed to effectuate service of process on the Defendants in compliance with Federal Rule of Civil Procedure 4.

4. Plaintiff's complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), because, *inter alia*, Plaintiff's complaint fails to state a claim upon which relief can be granted.

This Motion is supported by the concurrently-filed Memorandum of Points and Authorities and accompanying Declaration of Ara Yavruyan, all pleadings and papers on file in this action, and upon such other matters and arguments of counsel that may be presented to the Court at the time of any hearing on this motion.

Dated:  11/18/2020
       at Las Vegas, Nevada

Respectfully submitted,

/John Roberts/
John Roberts
Roberts IP Law
3129 25th St. #295
Columbus, IN 47203-2436
 317-663-3138
john@robertsiplaw.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th day of November, 2020 (Pacific Standard Time), I filed a copy of the foregoing DEFENDANTS' NOTICE OF SPECIAL APPEARANCE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B) FOR IMPROPER VENUE, LACK OF PERSONAL JURISDICTION, INSUFFICIENT SERVICE OF PROCESS, AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED with the Clerk of the Court for the United States District Court for the Southern District of Indiana using the CM/ECF system. I also initiated, via the UPS Store in Columbus, Indiana, the sending of a copy via first-class United States mail to:

EDDIE M. GREEN, JR.
1415 East 8th Street
Jeffersonville, IN 47130
(812) 557-6428
PRO SE

/John Roberts/
*Attorney for specially appearing Defendants*
*Ara Yavruyan and Chain Vault Inc.*