**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| EDDIE M. GREEN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-00052-TWP-DML |
| ) | |
| ARA YAVRUYAN, and CHAIN VAULT INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), (5), and (6) by Defendants Ara Yavruyan ("Yavruyan") and Chain Vault Inc. ("Chain Vault") (collectively, "the Defendants") (Filing No. 29). *Pro se* Plaintiff Eddie M. Green, Jr. ("Green") initiated this action to assert a claim for patent infringement against Defendants. Green's claim centers on the alleged infringement of Green's patent by the Defendants, which has caused the interruption of his business start-up and damage to his product name (Filing No. 1). In response, the Defendants filed their Motion to Dismiss asserting this judicial district is an improper venue, the Court lacks personal jurisdiction over Defendants, Green has failed to effect proper service of process on Defendants, and Green's Complaint fails to state a claim upon which relief can be granted (Filing No. 29). For the following reasons, the Court **grants** Defendants' Motion to Dismiss.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Green as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d

632, 633 (7th Cir. 2008). As a result of multiple filings by Green in this case, a summary of the procedural history is included to help explain the jurisdictional and related issues.

Green is an Indiana resident (Filing No. 1). Chain Vault is a corporation "formed and existing under the laws of the State of Delaware" with its "principal place of business in California." (Filing No. 29-2.) Yavruyan is the founder and Chief Executive Officer of Chain Vault. *Id.* at 1. Yavruyan is a resident of California. *Id.* at 2.

On March 2, 2020, Green filed a fill-in-the-blank "Complaint for a Civil Case" to initiate this action against the Defendants (Filing No. 1). Green checked the box indicating that this case involves a federal question under 35 U.S.C. § 271. He alleges in his Complaint that the Defendants infringed on a patent issued to him as "Patent Number 9,940,796" ("the 796 Patent"). *Id.* at 3, 5. Green was "notified…by a friend" on February 28, 2020, that Yavruyan infringed the 796 Patent. *Id.* at 5. As a result of the Defendants' "actions", his "business start-up has been stopped" and his "product name is damaged." *Id.* He asserts that the Defendants owe him a minimum of $2,800,000.00 because of the alleged patent infringement. *Id.* at 4.

After filing the Complaint, Green filed a Motion for Assistance with Recruiting Counsel, (Filing No. 3), which was denied by the Court on March 31, 2020, (Filing No. 8). In the Order, the Court directed the Clerk to issue process consisting of the summons, Complaint, and a copy of the Order to the address listed for Defendants in Green's Complaint. *Id.* at 3. This address was "321 N. Pass Ave. Suite 222, Burbank, [ ] California 91505". (Filing No. 1 at 2.)

On April 15, 2020, Green filed a premature Motion for Summary Judgment, (Filing No. 11), and on July 27, 2020, Green filed a premature Motion for Preliminary Injunction, (Filing No. 15). These filings were premature because Green had not yet effected service on either of the Defendants.

On July 9, 2020, the United States Marshals Service ("USMS") returned the unexecuted summons, Complaint, and Order because it could not locate the Defendants at the address listed in Green's Complaint. On the Process Receipt and Return form ("Process Receipt") used by the USMS for effecting process, the USMS noted that a "second address was found" for the Defendants at "8875 Costa Verde Bl., #A11, San Diego, California 92122." (Filing No. 13.) Thereafter, this Court issued an Order directing the USMS to issue process at the second address found for the Defendants, (Filing No. 16).

On August 4, 2020, this Court issued an Order denying Green's pending motions without prejudice given their premature nature, (Filing No. 19). The Court advised Green that he could refile the premature motions at the appropriate time during litigation after service had been effected. *Id*.

On October 20, 2020, USMS again returned an unexecuted summons, Complaint, and Order based on the inability of the USMS to locate the second address found for the Defendants, (Filing No. 20). The USMS noted on the Process Receipt for the second address: "Address doesnt [sic] exist/not valid." *Id.* at 1, 2. As a result, the Court issued an Order on Unexecuted Return of Service, (Filing No. 21), and directed Green to provide an accurate address for service upon Defendants or his Complaint would be subject to mandatory dismissal pursuant to Federal Rule of Civil Procedure 4(m). *Id*. The Court set a November 23, 2020 deadline for Green to provide an accurate address. *Id*.

Between October 26, 2020 and November 2, 2020, Green submitted several filings ostensibly in support of his attempts at service on Defendants. The filings were a document titled "Plaintiff's Evidence in Support of Service," an "Affidavit in Support of Diligent Search," a document titled "Evidence in Support of Unexecuted Service," a Motion for Alias Summons, and

a document titled "Evidence in Support of Executed Return of Service." (Filing No. 22; Filing No. 23; Filing No. 24; Filing No. 25; Filing No. 26).

On November 18, 2020, Green's Motion for Alias Summons was granted, (Filing No. 30). The Clerk of the Court was designated to issue process consisting of summons, Complaint, and the Order on the Defendants pursuant to Federal Rules of Civil Procedure 4(c)(3). *Id*. On November 19, 2020, the Defendants, having been served, filed the instant Motion to Dismiss, (Filing No. 29).

Between November 25, 2020 and December 22, 2020, Green submitted several more filings including a new Motion for Summary Judgment, (Filing No. 35), and a Motion to Strike Declaration, (Filing No. 37). Green also filed multiple filings opposing the Defendants' Motion to Dismiss (Filing No. 33; Filing No. 34; Filing No. 38; Filing No. 43; Filing No. 45).

On December 11, 2020, the Defendants asked for a conference with the Court regarding what Defendants deemed as Green's "improper filings". (Filing No. 40.) On December 22, 2020, the Defendants' Motion for a Conference with the Court was granted, (Filing No. 44). In the Order on Defendants' Motion for a Conference, the Court held that a determination of the jurisdictional and related issues raised by the Defendants' Motion to Dismiss must be made first before any decisions on Green's subsequent motions could be addressed. *Id*. The case was stayed pending resolution of the Motion to Dismiss and Defendants were instructed that they need not respond to Green's pending motions until further order of the Court. *Id*.

## II.   LEGAL STANDARD

**A.   12(b)(2) Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking. When a defendant moves to dismiss under Rule 12(b)(2), the plaintiff bears

the burden of demonstrating the existence of jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997); *Wine & Canvas Dev., LLC v. Weisser*, 886 F. Supp. 2d 930, 937 (S.D. Ind. 2012).

When the court determines personal jurisdiction based only on reference to submissions of written materials, rather than based on evidence submitted at a hearing, a plaintiff simply needs to make a *prima facie* case of personal jurisdiction. *Purdue Research Found.*, 338 F.3d at 782; *Wine & Canvas Dev., LLC*, 886 F. Supp. 2d at 937. In determining whether the plaintiff has met the *prima facie* standard, the plaintiff is entitled to a favorable resolution of all disputed relevant facts in his or her favor. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010); *Wine & Canvas Dev., LLC*, 886 F. Supp. 2d at 938. If the defendant has submitted evidence in opposition to the implementation of jurisdiction, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Found.*, 338 F.3d at 782–83.

The Court may consider affidavits and all other documentary evidence that have been filed, and any conflicts must be resolved in favor of the plaintiff as the non-moving party. *Int'l Med. Grp., Inc. v. Am. Arbitration Ass'n*, 149 F. Supp. 2d 615, 623 (S.D. Ind. 2001). This evidence submitted by the defendant may include affidavits unless the affidavits "merely contain conclusory assertions that the court lacks personal jurisdiction over the defendant." *Wine & Canvas Dev., LLC*, 886 F. Supp. 2d at 938.

"[P]ersonal jurisdictional issues in patent infringement cases are reviewed under Federal Circuit law, not regional circuit law." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. De Equip. Medico*, 563 F.3d 1285, 1293 (Fed. Cir. 2009); *see Eli Lilly & Co. v. Nang Kuang Pharm. Co.*,

No. 1:14-CV-01647-TWP, 2015 WL 5022920, at *2 (S.D. Ind. Aug. 24, 2015) ("Federal Circuit law governs personal jurisdiction issues in patent infringement cases"); *see also Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002).

A two-step analysis must be undertaken and satisfied before a district court can properly exercise personal jurisdiction over a non-resident defendant. For the first step, the party must be "amenable to service of process under the appropriate state long-arm statute." *Hildebrand*, 279 F.3d at 1354; Fed. R. Civ. Pro. 4(e), 4(k)(1)(A); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In the second part of the inquiry, the culmination of the party's activities within the forum state must satisfy the minimum contacts requirement of the due process clause of the Constitution. *Int'l Shoe*, 326 U.S. at 316.

Indiana has no statutory provision governing the permissible exercise of personal jurisdiction, but the subject is addressed in Trial Rule 4.4(A), which "serves as Indiana's long-arm provision." *LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 965 (Ind. 2006). Indiana's long-arm statute "expand[s] personal jurisdiction to the full extent permitted by the Due Process Clause." *LinkAmerica Corp.*, 857 N.E.2d at 966. As a result, in this case the Court need only consider the second step of the analysis. *NEXTT Sols., LLC v. XOS Techs., Inc*., 71 F. Supp. 3d 857, 860 (N.D. Ind. 2014). Thus, the "sole question before the Court is whether due process would be offended if the Court were to exercise personal jurisdiction over the Defendants." *Eli Lilly & Co.,* 2015 WL 5022920, at *2.

Pursuant to federal due process requirements, personal jurisdiction can be general or specific. "If the defendant's contacts with the state are so 'continuous and systematic' that the defendant should reasonably anticipate being haled into the courts of that state for any matter, then the defendant is subject to general jurisdiction." *LinkAmerica*, 857 N.E.2d at 967 (citing

6

*Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 415 n.9 (1984)). "If the defendant's contacts with the forum state are not 'continuous and systematic,' specific jurisdiction may be asserted if the controversy is related to or arises out of the defendant's contacts with the forum state." *Id.* (citing *Helicopteros*, 466 U.S. at 418 & n.8).

A single act by the defendant "may be sufficient to satisfy specific jurisdiction, so long as the defendant's conduct with the forum state creates a 'substantial connection' with the forum state, and the suit is based on the defendant's act." *JPMorgan Chase Bank, N.A. v. Desert Palace, Inc.*, 882 N.E.2d 743, 749 (Ind. Ct. App. 2008) (citing *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223, 78 S. Ct. 199, 2 L.Ed.2d 223 (1957); *see also LinkAmerica*, 857 N.E.2d at 968. When a defendant has availed himself of the privilege of conducting business in a forum, jurisdiction cannot be avoided merely because the defendant did not physically enter the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, (1985).

The Federal Circuit has outlined a three-part test for specific jurisdiction which considers whether: "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to the defendant's activities with the forum, and (3) assertion of personal jurisdiction is reasonable and fair." *Synthes (U.S.A.)*, 563 F.3d at 1297 (Fed. Cir. 2009); *see Elecs. for Imaging v. Coyle*, 340 F.3d 1344, 1350 (Fed.Cir.2003); *see also Burger King*, 471 U.S. at 472–73, 105 S. Ct. 2174 (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S. Ct. 1473, 79 L.Ed.2d 790 (1984), and *Helicopteros Nacionales*, 466 U.S. at 414, 104 S. Ct. 1868). Pursuant to this three-part test, a court can assert specific jurisdiction even if the contacts are "isolated and sporadic," as long as the cause of action arises out of or relates to those contacts. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1200 (Fed.Cir.2003).

### III. **DISCUSSION**

The Defendants ask the Court to dismiss this action based on (1) the Court lacks personal jurisdiction over Yavruyan and Chain Vault, (2) this judicial district is an improper venue for a patent claim, (3) insufficient service of process, and (4) failure to state a claim for which relief can be granted (Filing No. 29). The Court begins its analysis addressing the Defendants' personal jurisdiction argument under Rule 12(b)(2), which ultimately resolves the Defendants' Motion.

As succinctly noted by another district court within the Seventh Circuit, "jurisdiction is a threshold requirement that must be satisfied before a court can pass judgments on the merits." *Rawlins v. Select Specialty Hosp. of Nw. Ind., Inc.*, 2014 U.S. Dist. LEXIS 57076, at *4 (N.D. Ill. Apr. 23, 2014). "The court must satisfy itself that it can exercise personal jurisdiction over [defendant] before it addresses the merits of the case. Accordingly, the court must consider [the] motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) before it can address the Rule 12(b)(3) and Rule 12(b)(6) motions." *Id*. at 5. "If the court determines that it lacks personal jurisdiction over [defendant], it would be improper for this court to reach the merits of the case." *Id.* "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *United States v. Rachuy*, 743 F.3d 205, 211 (7th Cir. 2014) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

The Defendants seek dismissal of the Complaint because Green "fails to allege any facts sufficient to establish that this Court can exercise either general or specific jurisdiction." (Filing No. 29-1 at 13.) Defendants assert that Green cannot allege facts which are sufficient to establish a jurisdictional basis is because the Defendants do not have "sufficient minimum contacts with the State of Indiana." *Id*. Neither Yavruyan nor Chain Vault (1) "resides or otherwise ha[ve] any

8

physical presence in Indiana" or (2) have "continuous or systematic contacts with Indiana." *Id.* at 13–14.

Defendant Yavruyan, a California resident since 2011, asserts that he (1) does "not own any real property in Indiana," (2) has "never owned any real property in Indiana," (3) does not "maintain any bank accounts" or other personal property "of any kind in Indiana," (4) has not "entered into any contracts" that would necessitate rendering services or selling goods in Indiana, (5) has no "agents or representatives" or employees in Indiana, and (6) does not maintain any physical presence of "any kind" in Indiana, including a lack of "office," "telephone number," or "mailing address." (Filing No. 29-2 at 2 ¶¶ 3–9.) Similarly, Defendant Chain Vault asserts that it is a corporation formed and existing under Delaware state laws and that it maintains no physical presence in Indiana of any kind, does not conduct any business in Indiana, or otherwise has any contacts with Indiana. *Id*. at 3.

In response, Green makes several wide-ranging assertions while reciting the blackletter law for personal jurisdiction without providing cognizable justification for his arguments (Filing No. 33 at 4–5). Green alleges that the Defendants "sold 2 copies each of the infringed product (9,940,796) wet floor signs to Meijer's[1]." *Id.* at 5. He asserts that "there are 253 Meijers [sic] stores worldwide and 33 of them are in the State of Indiana." *Id.* He follows these assertions by listing rules concerning minimum contacts with a state, without any context or causal connection to his rejoinder that the Court has personal jurisdiction over the Defendants. *Id.* at 6. Green copied information ostensibly from Chain Vault website's Return and Refund policy and inexplicably

---

[1] "Meijer is a family-owned grocery chain operating in the Midwest. Meijer operates over 200 stores throughout Michigan, Ohio, Indiana, Illinois and Kentucky." *See* Andrea Murphy, *America's Largest Private Companies*, Forbes https://www.forbes.com/companies/meijer/?list=largest-private-companies&sh=52f6600854b6 (last visited May 10, 2021).

includes it in support of his personal jurisdiction claim. *Id.* The Court finds no relevance or coherence in Green's inclusion of this specific information.

The Defendants assert that Green's claims must be dismissed because of Green's failure to allege any facts that would sufficiently establish either general or specific jurisdiction over Yavruyan and Chain Vault (Filing No. 29-1 at 13). Defendants persuasively point to this Court's holding in *Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, No. 1:15-CV-01675-TWP-TAB, 2017 WL 698312 (S.D. Ind. Feb. 22, 2017), to assert that Green failed to establish the Defendants' contacts with the State of Indiana were either continuous or systematic or that they maintained any physical presence in the State, *see id.,* at *1 ("In light of the recent Supreme Court case law regarding general jurisdiction, and given the fact that Meso is a Delaware corporation headquartered in Maryland without an Indiana address or telephone number, the Court determines that it lacks general personal jurisdiction over Meso.").

Green's response fails to present or allege any facts to support the claim that this Court has general personal jurisdiction over the Defendants, (Filing No. 33 at 6). Green's assertion of the 796 Patent possibly being sold in a major grocery store chain with locations in Indiana is unsupported, and Green does nothing to definitively establish the alleged patent is connected in any way to the Defendants. Green's inclusion of this unsupported information does not establish the Defendants' continuous or systematic contacts with Indiana. Green's response brief lists the relevant law for personal jurisdiction yet does not provide a cogent argument for his claims. *Id*. Accordingly, the Court agrees with Defendants that Green does not establish general personal jurisdiction over the Defendants.

The Court further agrees that Green fails to establish that this Court has specific personal jurisdiction over the Defendants. The Federal Circuit has instructed that to establish specific

jurisdiction, the Court must employ "a three-prong test" determining whether "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Breckenridge Pharm., Inc. v. Metabolite Lab'ys, Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006).

Here, Green has not demonstrated that the Defendants are engaged in any activity "which is purposefully directed towards the State of Indiana." (Filing No. 29-1 at 14.) Green does rebut the Defendants' assertion that their contacts with Indiana "are insufficient to give rise to specific personal jurisdiction." (Filing No. 29-1 at 15.) Failure to establish the first prong of the three-part inquiry renders any further analyses unnecessary.

The Defendants' arguments and cited case law are well taken. Defendants lack of any offices, real estate, bank accounts, mailing addresses, or telephone numbers in Indiana, along with no employees or business within the State, as well as no activities of the Defendants being purposefully directed at the residents of the forum state, leads the Court to the determination that Defendants have "insufficient contacts with this forum for the Court to exercise specific personal jurisdiction over" Yavruyan and Chain Vault. *See Roche Diagnostics Corp.,* 2017 WL 698312, at *8–*11. As previously noted, the Court also lacks general personal jurisdiction. Thus, Green's claim of patent infringement against Defendants cannot be adjudicated in this Court.

Because this Court lacks personal jurisdiction over the Defendants, the Court need not address Defendants' Rule 12(b)(3), (5), and (6) arguments.[2]

---

[2] "If the court determines that it lacks personal jurisdiction over [defendant], it would be improper for this court to reach the merits of the case." *Rawlins v. Select Specialty Hosp. of Nw. Ind., Inc.*, 2014 U.S. Dist. LEXIS 57076, at *4 (N.D. Ill. Apr. 23, 2014). "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Rachuy*, 743 F.3d at 211 (quoting *Steel Co.*, 523 U.S. at 94).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, (Filing No. 29), is **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(2). "A dismissal for lack of personal jurisdiction is not a decision on the merits and thus is without prejudice." *Schmidt v. Europea Ltd.*, 2001 U.S. Dist. LEXIS 10675, at *8 (S.D. Ind. May 18, 2001). Green's pending Motions (Filing No. 35; Filing No. 37) are **DENIED as moot**. This action is **DISMISSED**. Final judgment will issue by separate order.

**SO ORDERED.**

Date: 5/17/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Eddie M. Green, Jr.
1415 East 8th Street
Jeffersonville, Indiana  47130

John L. Roberts
ROBERTS IP LAW
john@robertsiplaw.com